UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRIS TROMBLEY,  Case No. 15-cv-948-pp

        Plaintiff,

v.

WISCONSIN CENTRAL LTD.,

        Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO COMPEL RULE 35(a) INDEPENDENT MEDICAL EXAMINATION (DKT. NO. 17)**

---

      In this action brought under the Americans with Disability Act ("ADA"), defendant Wisconsin Central Ltd. ("WCL") seeks an order pursuant to Fed. R. Civ. P. 35(a), compelling plaintiff Chris Trombley to submit to a full-day Independent Medical Examination ("IME"). According to WCL, the IME would consist of a "battery of neuropsychological tests" on such topics as the plaintiff's psychological, intellectual, executive and emotional functioning. The plaintiff opposes this request, arguing that WCL has not shown good cause for an IME, as required by Fed. R. Civ. P. 35. See Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964) (holding that Rule 35 "require[s] an affirmative showing by the movant that each condition as to which an examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination").

      The court agrees with the plaintiff. The court has not found, among the cases cited by the parties or in its own research, any case mandating (or

1

prohibiting) an IME under these circumstances; the determination is highly fact-driven, and the variety of approaches taken in the cases demonstrates the discretion vested in the court under Fed. R. Civ. P. 35 and 26(b). The court concludes, after reviewing the pleadings and the evidence presented before Magistrate Judge Jones, finds that WCL has failed to show good cause for the intrusive battery of neuropsychological tests that it proposes. Accordingly, the court **DENIES** WCL's Motion to Compel (Dkt. No. 17).

This denial does not prohibit WCL from seeking—through an appropriate discovery mechanism—a *vocational* assessment of the plaintiff, appropriately tailored to assess whether, during the relevant time period, he was vocationally qualified to perform the essential functions of his job while employed at WCL.

Dated in Milwaukee, Wisconsin this 23rd day of August, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge

2

Case 2:15-cv-00948-PP-DEJ   Filed 08/23/16   Page 2 of 2   Document 30