UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHRIS TROMBLEY,   Case No. 15-cv-948-pp

      Plaintiff,

v.

WISCONSIN CENTRAL LTD.,
a foreign corporation, d/b/a CN,

      Defendant.

---

**ORDER OVERRULING DEFENDANT'S OBJECTION (DKT. NO. 35) AND ADOPTING MAGISTRATE JUDGE'S ORDER (DKT. NO. 33)**

---

      On November 16, 2016, Magistrate Judge David E. Jones issued an oral order related to a discovery dispute between the parties. Dkt. No. 33. Defendant Wisconsin Central, Ltd. objected to that order. Dkt. No. 35. The court overrules the defendant's objection, and adopts Judge Jones' order.

      28 U.S.C. §636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) govern the district court's review of a magistrate judge's determination of non-dispositive matters, such as the discovery issues involved here. Section 636(b)(1)(A) authorizes a district court to modify or vacate an order that is "clearly erroneous or contrary to law." "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish . . . . [I]t must be dead wrong." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it

1

fails to apply or misapplies relevant statutes, case law, or rules of procedure." Henry v. Centeno, No. 10 C 6364, 2011 WL 3796749, at *1 (N.D. Ill. Aug. 23, 2011) (internal quotation marks omitted) (citation omitted).

The discovery dispute at issue arose during the deposition of one of the defendant's employees, Rueben Witt, who was one of the conductors responsible for training the plaintiff. Dkt. No. 35 at 1. The defendant allegedly terminated the plaintiff based on negative feedback it received about him from Mr. Witt. Id. The plaintiff noticed Mr. Witt's deposition for November 16, 2017. During that deposition, the plaintiff's counsel asked Mr. Witt if he recalled another trainee, Mr. Skort, being injured on the job while Mr. Witt was training him. Dkt. No. 36-1 at 13. Witt responded that he remembered that fact. The plaintiff's counsel then asked Witt, "What do you recall about that." Id. Before Mr. Witt could answer that question, the defendant's counsel instructed Mr. Witt that he could "provide testimony regarding his knowledge regarding the fact that Mr. Skort was injured, that he had an injury to a leg, that it happened while getting on or off moving equipment, but instruct the witness not the [sic] testify further regarding the circumstances of Mr. Skort's injury." Id.

The plaintiff's counsel stated on the record that she disagreed with that instruction, and explained why, but defense counsel responded that "the instruction stands." Id. at 13-14. The defendant's counsel explained that her instruction to the witness that he limit his answer was based on her opinion that the subject matter was irrelevant to this case, and "highly related to another piece of potential litigation." Id. at 14. The plaintiff's counsel

2

confirmed: "So you're instructing him not to answer questions about what he observed with this injury on the job?" Defense counsel responded, "I set the parameters of what he may testify about, and that's it." The plaintiff's counsel continued to protest, and the parties did not resolve the issue at the deposition. Id.

Given their inability to resolve the dispute, the parties contacted Judge Jones by telephone to request a hearing. Judge Jones conducted the hearing by phone and, after considering the parties arguments, ordered that (1) the plaintiff's counsel was permitted to question Mr. Witt on the topic of Mr. Skort's injury to determine if he was a good comparator; (2) that portion of the deposition would be sealed for attorney's eyes only; and (3) the deposition would be continued until the attorney representing the defendant with regard to Mr. Skort's personal injury claim could be present. Dkt. No. 35-1 at 5. Judge Jones further ordered that neither the attorneys representing the defendant in this case nor the attorney representing the defendant with regard to Mr. Skort's potential personal injury claim under the Federal Employers Liability Act could communicate with Mr. Witt before his deposition resumed. Id. at 5-6.

The defendant objects to Judge Jones's order on the grounds that the portion of the order prohibiting the defendant's counsel from communicating with Mr. Witt deprived the defendant of due process and was contrary to law. Dkt. No. 35. The defendant argues that there is no rule in the Eastern District prohibiting a party from consulting with its witness during a break in a deposition when there was no question pending. Id.

3

The plaintiff responds that the cases the defendant cites in support of its due process argument involve denial of access to *any* counsel, and thus denial of access to the court system. Dkt. No. 36 at 5-6. The defense also argues that there *was* a question pending when defense counsel instructed Witt not to answer, and that Judge Jones appropriately exercised his discretion in ordering defense counsel not to talk with Witt until after the resumption of the deposition. Id. at 7-8.

Judge Jones' direction that no counsel could communicate with Mr. Witt prior to the continuation of Witt's deposition does not violate the defendant's due process rights, and is not clearly erroneous or contrary to law. Judge Jones' decision did not deny the defendant counsel—counsel continues to represent the defendant (as evidenced by this dispute), and the defendant continues to have full access to the legal system.

Judge Jones correctly determined that the attorneys representing the defendant in this case had an adequate opportunity to prepare Mr. Witt for his deposition, and that the line of questioning the plaintiff's counsel was pursuing—potential comparators—was "within the normal types of preparation that . . . defending counsel would have been expected to get into." Dkt. No. 35-1 at 5. Alternatively, the defendant's FELA counsel could have prepared Mr. Witt to testify about potential comparators. Based on the transcript of the hearing before Judge Jones and the subsequent briefing, it appears that no lawyer prepared Mr. Witt to testify on this topic, and the defendant understandably wants a chance to do so. But the defendant's counsel had that

4

opportunity before the deposition began, and the court cannot allow the defendant's counsel to go back, in the middle of an interrupted deposition, and prepare the witness on a topic that counsel did not prepare the witness for before the deposition started.

"Because a deposition generally proceeds as at trial, . . . courts have uniformly held that once a deposition starts, counsel has no right to confer during the deposition" except to determine if a privilege should be claimed. LM Ins. Corp. v. ACEP, Inc., 275 F.R.D. 490, 491 (N.D. Ill. 2011) (citing BNSF Ry. Co. v. San Joaquin Valley R. Co., 2009 WL 3872043, *3 (E.D. Cal. 2009)) (collecting cases). The defendant's counsel instructed Mr. Witt not to answer the question of what Witt recalled about Skort's injury based on relevance, not based on a claim of privilege. Witt did not answer the question during his deposition, and it remained pending when the parties asked Judge Jones to hear their dispute and decide the issue. Dkt. No. 36-1 at 13-15. Under these circumstances, Judge Jones was correct to analogize the situation to a trial that had been adjourned during a witness' testimony, and to direct that no counsel could communicate with Mr. Witt regarding his testimony before his deposition resumes.

In conclusion, the court determines that Judge Jones's decision did not violate the defendant's due process rights, and was neither clearly erroneous nor contrary to law. Accordingly, the court **OVERRULES** the defendant's

objections, Dkt. No. 35, and **ADOPTS** Judge Jones's decision in its entirety.

Dated in Milwaukee, Wisconsin this 9th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge